CHIEF JUSTICE TURNAGE,
dissenting.
I respectfully dissent from the majority opinion. I dissented from the order of this Court on July 18,1996, in this cause and stated that the District Court should be reversed.
The people should have been allowed to vote on the constitutional amendment referred to the people through Senate Bill 37, passed in the 1995 legislative session, the substance of which would have transferred the functions of the secretary of state to the lieutenant governor, thereby eliminating the office of the secretary of state.
The merits of this proposal are not at issue. The proposal’s merits or lack of merits are matters to be decided by vote of the people. What is at issue is the right of the people to vote on a constitutional referendum — a right which the Court has denied in this matter.
In State ex rel. Harper v. Waltermire (1984), 213 Mont. 425, 691 P.2d 826, this Court declined to intervene in the referendum process where, as here, the challenge was not to a substantive defect in the text of the referendum.
Section 3-5-302(6)(ii), MCA, provides in pertinent part that “a contest of a ballot issue submitted by initiative or referendum may *313 be brought prior to the election only ... [for] constitutional defect in the substance of a proposed ballot issue.” (Emphasis added.) Here, the defect which concerned the District Court is that one reference to a “secretary of state” will be left in Article IV, Section 7(3), of the Montana Constitution without definition. This is not a substantive defect. To the extent that it constitutes a defect at all, it is a defect of form, and it is one which the legislature has the power to cure by providing an appropriate definition.
The only omission is the failure of the legislature to define what is meant by a “secretary of state” who will perform a particular ministerial function (i.e., submitting an issue to the qualified electors at the next designated election). That is not something which must essentially be defined within the body of the Constitution itself, particularly where, as here, Article IV, Section 3 of the Montana Constitution specifically gives the legislature the power to set requirements for the administration of elections. The legislature has the ability and authority to provide definition of the term “secretary of state” as it is used in that one provision.
Clearly, the defect in the referendum language is one of form and not one of substance. In failing to recognize this fundamental principle, the majority has denied the people the right to vote on an important constitutional referendum.
I would reverse the District Court.
APPENDIX
ORDER
The State of Montana, Appellant in this case, appeals the Memorandum and Order of the First Judicial District Court, Lewis and Clark County, dated May 29, 1996, that:
1. Enjoined the Secretary of State from submitting to the electors an official ballot which includes Senate Bill 37; and
2. Enjoined the Secretary of State from delivering to the voters a voter informational pamphlet which includes Senate Bill 37.
After due consideration by this Court IT IS HEREBY ORDERED that:
The District Court’s Memorandum and Order of May 29, 1996, is affirmed.
This order is issued to expedite this Court’s decision and this Court’s full opinion will follow.
DATED this 18th day of July, 1996.